IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.:   19-09892 |
| Nicolette Swanson | ) | |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | Judge:   Timothy A. Barnes |
| Debtor(s) | ) | |

TO:   Trustee Marilyn Marshall, 224 S. Michigan Ave., #800, Chicago, IL 60604;

See attached service list.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on May 17, 2019.

/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

Assurex Health
Dept CH 16854
Palatine, IL 60055

AT&T
PO Box 8100
Aurora, IL 60507

Caine & Weiner
Po Box 5010
Woodland Hills, CA 91365

Cardworks/CW Nexus
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804

City of Chicago
Department of Revenue
PO Box 88292
Chicago, IL 60680

Comcast
PO Box 3001
Southeastern, PA 19398

ComEd
PO Box 6111
Carol Stream, IL 60197

Comenity Bank/roamans
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Comenity Bank/Woman Within
Po Box 182125
Columbus, OH 43218

Country Door/Swiss Colony
Attn:Bankruptcy
Po Box 2830
Monroe, WI 53566

Credit One Bank
PO Box 60500
City of Industry, CA 91716


Dept of Ed/Aspire Resourses Inc
Attn: Bankruptcy
Po Box 659705
West Des Moines, IA 50265


Dr Leonards/Carol Wright Gifts
1112 7th Ave
Monroe, WI 53566


Easypay/dvra
2701 Loker Av West
Carlsbad, CA 92008


Fingerhut
Bankruptcy Dept
6250 Ridgewood Rd
Saint Cloud, MN 56303


First Premier Bank
Po Box 5524
Sioux Falls, SD 57117


First Premier Bank
Attn: Bankruptcy Dept
601 S Minnesota Ave
Sioux Falls, SD 57101


Fortiva Credit Card
Payment Processing
PO Box 790156
Saint Louis, MO 63179


Furniture 7
3411 Silverside Rd.
Bldg # 104
Wilmington, DE 19810


Gallery Home and Gifts
PO Box 77001
Madison, WI 53707

Harris & Harris LTD
111 West Jackson Blvd, Ste 400
Chicago, IL 60604


Hccredit/cit
203 E Emma Ave Ste A
Springdale, AR 72764


I C System Inc
444 Highway 96 East
P.O. Box 64378
St. Paul, MN 55164


Internal Revenue Service - 1/11
PO Box 7346
Philadelphia, PA 19101-7346


Jefferson Capital Systems, LLC
16 Mcleland Rd
Saint Cloud, MN 56303


Joseph Mann & Creed
8948 Canyon Falls Blvd S
Twinsburg, OH 44087


Kolb Clare & Arnold
8914 Stone Green Way
Louisville, KY 40220


Ksaservicing
Po Box  90759
Raleigh, NC 27675


Merchants Credit
223 W Jackson Blvd
Ste 700
Chicago, IL 60606


Mid America Bk/total C
5109 S Broadband Ln
Sioux Falls, SD 57108

Midland Funding
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193


Midnight Velvet
Swiss Colony/Midnight Velvet
1112 7th Ave
Monroe, WI 53566


Northshore University Healthsystem
Hospital Billing
23056 Network Pl
Chicago, IL 60673


Portfolio Recovery
Po Box 41067
Norfolk, VA 23541


Progressive
Dept 0561
Carol Stream, IL 60132


Regional Acceptance Corporation
Attn: Bankruptcy
1424 E Firetower Rd
Greenville, NC 27858


Security Finance
Sfc Centralized Bankruptcy
Po Box 1893
Spartanburg, SC 29304


Social Security Adminstration
Office of Regional Commissioner
26 Federal Plaza  Rm 40-120
New York, NY 10278


Social Security Adminstration
1500 Woodlawn Dr.
Baltimore, MD 21241


Southern Illinois Univ
University Drive
Carbondale, IL 62901

State Collection Service
Attention: Bankruptcy
Po Box 6250
Madison, WI 53716


Stoneberry
1356 Williams Street
Chippewa Falls, WI 54729


Syncb/carecr
C/o Po Box 965036
Orlando, FL 32896


Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


T-Mobile Bankruptcy Team
PO Box 53410
Bellevue, WA 98015


Target
C/O Financial & Retail Srvs
Mailstopn BT POB 9475
Minneapolis, MN 55440


Total Visa Mid America Bank & Trust
5109 S Broadband Lane
Sioux Falls, SD 57108


U.S. Dept. of Edu c/o FedLoan Serv.
Attention: Bankruptcy
Po Box 69184
Harrisburg, PA 17106


Wellness Revolution
1117 Emerson St
Evanston, IL 60201

| Fill in this information to identify your case: | |
|---|---|

**Debtor 1** **Nicolette  Swanson**

First Name        Middle Name              Last Name

**Debtor 2**
(Spouse, if filing)  First Name        Middle Name              Last Name

United States Bankruptcy Court for the:   **NORTHERN DISTRICT OF ILLINOIS**

Case number:   **19-09892**

(If known)

■ Check if this is an amended plan, and
list below the sections of the plan that
have been changed.
**1.1, 2.3, 3.2, 3.3, 4.4, 5.1, 5.2, 6.1**

Official Form 113

# Chapter 13 Plan

**12/17**

---

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ■ Not Included |

**2.1**     **Debtor(s) will make regular payments to the trustee as follows:**

**$388.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**     **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

■     Debtor(s) will make payments pursuant to a payroll deduction order.
☐     Debtor(s) will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐     Debtor(s) will retain any income tax refunds received during the plan term.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

| Debtor | **Nicolette Swanson** | Case number | **19-09892** |
|---|---|---|---|

☐　　Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■　　Debtor(s) will treat income refunds as follows:

**On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

**2.4 Additional payments.**
*Check one.*

■　　**None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**　　**The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $23,280.00**.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**　　**Maintenance of payments and cure of default, if any.**

*Check one.*

■　　**None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**　　**Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐　　**None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

■　　The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Regional Acceptance Corporation | $14,245.35 | 2016 Chevrolet Spark | $10,075.00 | $0.00 | $10,075.00 | 7.00% | $199.50 | $11,969.80 |

*Insert additional claims as needed.*

**3.3**　　**Secured claims excluded from 11 U.S.C. § 506.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com　　　　　　　Best Case Bankruptcy

| Debtor | **Nicolette Swanson** | Case number | **19-09892** |
|---|---|---|---|

*Check one.*

■        **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4      Lien avoidance**.

*Check one.*

■        **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

*Check one.*

■        **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

---

**Part 4:      Treatment of Fees and Priority Claims**

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**2,328.00**.

**4.3      Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐        **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
■        The debtor(s) estimate the total amount of other priority claims to be **$595.81**

**4.5      Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■        **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:      Treatment of Nonpriority Unsecured Claims**

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐        The sum of $        .
■        ____**13.00**____% of the total amount of these claims, an estimated payment of $____**4,076.39**____.
■        The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____**0.00**____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐        **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
■        The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and

Official Form 113                                   **Chapter 13 Plan**                                   Page 3

| Debtor | **Nicolette Swanson** | Case number | **19-09892** |
|---|---|---|---|

disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **U.S. Dept. of Edu c/o FedLoan Serv.** | **$14.00** | **$0.00** | **$0.00** |
| | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | | |

*Insert additional claims as needed.*

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one*.

■          **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Executory Contracts and Unexpired Leases**

**6.1**     **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐          **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
■          **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| **Winnemack Properties** | **Residential apartment lease agreement** | **$985.00** | **$0.00** | | **$0.00** |
| | | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | | | |

*Insert additional contracts or leases as needed.*

**Vesting of Property of the Estate**

**7.1**     **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐     plan confirmation.
■     entry of discharge.
☐     other: _____

**Nonstandard Plan Provisions**

**8.1**     **Check "None" or List Nonstandard Plan Provisions**
■          **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Signature(s):**

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Nicolette Swanson**                                    X   _____
      **Nicolette Swanson**                                                Signature of Debtor 2
      Signature of Debtor 1

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Nicolette Swanson** | Case number | **19-09892** |
| --- | --- | --- | --- |

Executed on  **May 17, 2019**                                    Executed on _____

X   **/s/ David H. Cutler**                                    Date   **May 17, 2019**
    **David H. Cutler**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Nicolette Swanson** | | Case number | **19-09892** |
|---|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | **$11,969.80** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | | **$7,233.81** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | **$4,076.39** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* | + | **$0.00** |

| | |
|---|---|
| **Total of lines a through j** | **$23,280.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy